IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40703
Conference Calendar
_____

JOHNNY ALLEN MCDOWELL,

Plaintiff-Appellant,

versus

UNIDENTIFIED DIXON, Warden, Bradshaw State Jail;
GLENDA FERGUSON, Registered Nurse Certified,
Bradshaw State Jail; J. SHIPP, Lieutenant,
Bradshaw State Jail; UNIDENTIFIED TURNER, Sergeant,
Bradshaw State Jail; UNIDENTIFIED GHOLSON, Officer,
Bradshaw State Jail; UNIDENTIFIED MEDICAL STAFF MEMBER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-20
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Johnny Allen McDowell, Texas prisoner # 756787, appeals the dismissal as frivolous of his civil rights action under 42 U.S.C. § 1983. McDowell asserted that he was denied medical attention for hypertension. We review the dismissal of a prisoner complaint as frivolous for abuse of discretion. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The undisputed medical evidence shows that McDowell was receiving ongoing medical treatment for his high blood pressure. The two occasions on which he requested but did not receive immediate treatment cannot be characterized as an unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

McDowell's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The dismissal of the original complaint as frivolous and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution McDowell that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED.